UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RANDY RALSTIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 14-0744-CV-W-BCW-P ) |
| MICHEAL BOWERSOX, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the South Central Correctional Center in Licking, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 convictions of two counts of second-degree murder, one count of resisting a lawful stop, one count of leaving the scene of a motor vehicle accident, and one count of driving while intoxicated, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner asserts two (2) grounds for relief: (1) the evidence at trial was insufficient to support his conviction for resisting a lawful stop; and (2) the trial court erred in finding him guilty of two counts of second-degree murder because there was insufficient evidence to support a conviction for the predicate offense, resisting a lawful stop. Respondent contends that petitioner's claims are without merit.

## FACTUAL BACKGROUND

In affirming petitioner's convictions and sentences, the Missouri Court of Appeals set forth the following facts:

> [Petitioner] was indicted in Jackson County Circuit Court for the murder of Tiffany Berry and S.R., a minor child, which occurred on May 12, 2008. [Petitioner] was charged with two counts of felony murder in the second degree for

his conduct that caused a vehicular collision with the victims' vehicle resulting in their deaths in Kansas City, Missouri. The State alleged that these victims were "killed in a vehicular collision as a result of the perpetration of the Class D Felony of Resisting a Lawful Stop under Section 575.150."

This matter was tried to the court without a jury on June 22 and 25, 2009, and the trial court found [petitioner] guilty as charged. In doing so, the trial court made the following relevant Findings of Fact Supporting Trial Court Judgment:

> At approximately 20:48 hours on May 12, 2008 [petitioner]'s vehicle was observed by Kansas City police officers Robert D. Guffey, Jr. and trainee Rieman at or near 24th and Jackson Streets in Kansas City, Jackson County, Missouri. The officers observed [petitioner]'s vehicle to be traveling at a speed in excess of the posted limit, pulled their patrol car behind [petitioner]'s vehicle and activated lights and siren, for the purpose of making a routine traffic stop of [petitioner]'s vehicle. The officers notified police dispatch that they were pursuing [petitioner]'s vehicle.
>
> Officers John Mattivi and Michael Baker were patrolling Southbound on Prospect when they heard a radio call relating to [petitioner]'s vehicle and turned around to head toward the vicinity in which officers Guffey and Rieman were attempting a traffic stop of [petitioner]'s vehicle.
>
> [Petitioner] pulled his vehicle over the curb near 23rd & Mersington just long enough for two passengers to exit then sped off. [Petitioner]'s stop was not long enough for officers Guffey and Rieman to approach [petitioner]'s vehicle. The officers remained with the individuals who exited [petitioner]'s vehicle and did not pursue [petitioner]; however, officers Mattivi and Baker were then traveling Northbound on Prospect for the purpose of assisting in the traffic stop of [petitioner]'s vehicle.
>
> * * *
>
> [The victims] were occupants of a car struck by [petitioner]'s vehicle on May 12, 2008 in Kansas City, Jackson County, Missouri. The parties stipulate that both occupants of the car struck by [petitioner]t's vehicle died of blunt force injuries suffered as the result of the collision of [petitioner]'s vehicle and the car occupied by them.

2

>   The trial court subsequently sentenced [petitioner] to thirty years on both felony murder counts (Counts I and II) to run concurrently with each other; four years for resisting a lawful stop (Count III), to run consecutively to Counts I and II; four years for leaving the scene of a motor vehicle accident, to run consecutively to Count III; and six months for driving while intoxicated, to run concurrently with Counts I and II.

Resp. Ex. E at 2-4

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **DISCUSSION**

Petitioner argues now, as he did in his direct appeal of his convictions and sentences (Resp. Ex. E), that there was insufficient evidence to support his conviction for resisting a lawful stop, and that because resisting a lawful stop was the predicate felony for his two second-degree felony murder convictions, the evidence was also insufficient to support these convictions. The Supreme Court has explained that claims of insufficient evidence to support a verdict face "a high

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012). The first layer of deference is on direct appeal, where "[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.'" *Id.* (quoting *Cavazos v. Smith,* 565 U.S. 1 (2011)). A second layer of deference then applies on habeas review, where "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Id.* Rather, [t]he federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.*

In evaluating petitioner's claims, the Missouri Court of Appeals explained:

> [Petitioner]'s first two Points Relied On are based on the same argument that "there was insufficient evidence to support the conviction" for Counts I and II (felony murder in the second degree) and Count III (Resisting A Lawful Stop) based on [petitioner]'s assertion that he "stopped for Officer Guffey . . . and there was no evidence of pursuit" by the police after [petitioner] stopped to drop off two passengers to allow them to flee from the police. Because the State used the resisting a lawful stop felony charge as its predicate offense for both felony murder charges, [petitioner] argues that the State's failure to adduce sufficient evidence on the resisting a lawful stop charge necessitates reversal on all three charges. We disagree.
>
> Our applicable standard of review is the following:
>
>> The standard of review in a bench-tried case is the same as in a jury-tried case. We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense. When reviewing the sufficiency of the evidence, we review all evidence and inferences reasonably drawn from the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences. The trier of fact determines the credibility of the witnesses, and may believe all, some or none of the testimony of a witness. The function of the reviewing court is not to reweigh the

4

> evidence, but only to determine if the evidence is supported by sufficient evidence.

*State v. Burse*, 231 S.W.3d 247, 251 (Mo. App. E.D. 2007) (citations omitted) (internal quotations marks omitted).

Section 575.150 is entitled "Resisting or interfering with arrest," and provides the following:

> 1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.
>
> 2. This section applies to:
>
> (1) Arrests, stops, or detentions, with or without warrants;
>
> (2) Arrests, stops, or detentions, for any crime, infraction, or ordinance violation; and
>
> (3) Arrests for warrants issued by a court or a probation and parole officer.
>
> 3. A person is presumed to be fleeing a vehicle stop if that person continues to operate a motor vehicle after that person has seen or should have seen clearly visible emergency lights or has heard or should have heard an audible signal emanating from the law enforcement vehicle pursuing that person.

After a bench trial, the trial court expressly rejected the arguments raised by [petitioner] on appeal in its Findings of Fact Supporting Trial Court Judgment

On Appeal, [petitioner] makes two interrelated arguments in an attempt to demonstrate that the above findings and conclusions of the trial court were in error. To begin with, [petitioner] argues that "[i]t is uncontroverted that the defendant pulled his car over within one-half block from the time the police activated their

5

lights and siren and thereby 'stopped.'" While we agree that the trial court found that [petitioner] stopped his vehicle momentarily in order to allow two passengers from his vehicle to flee on foot, [petitioner] fails to articulate on appeal why this fact alone precluded the trial court from finding him guilty of Section 575.150. Simply put, no part of the statute or any Missouri case law provides that merely stopping, no matter how briefly, immunizes one's unlawful conduct pursuant to Section 575.150.

The Missouri Supreme Court has provided five elements that must be satisfied to be found guilty of resisting a lawful stop under Section 575.150:

> 1) a law enforcement officer is making or attempting to make a lawful arrest or stop, 2) the defendant knew or reasonably should have known of the law enforcement officer's attempt to arrest or stop, 3) the defendant resists arrest by fleeing; 4) the defendant resisted for the purpose of thwarting the law enforcement officer's attempt to arrest or stop by using or threatening the use of violence or physical force or by fleeing, and 5) the defendant fled in a manner that created a substantial risk of serious physical injury or death to another.
>
> *State v. Daws*, 311 S.W.3d 806, 808-09 (Mo. banc 2010); *see also* MAI 329.60.

When reviewing the findings of fact as set forth by the trial court, it is clear that the State proved each of the five elements of this crime beyond a reasonable doubt. Just because [petitioner] stopped his vehicle for a moment in time cannot obviate the fact that there was copious evidence that a "law enforcement officer" was attempting to stop [petitioner] and that he resisted by fleeing. Section 575.150. "The words in criminal statutes, because they affect the general public and are written by lay legislatures, are interpreted in accordance with common understanding." *State v. Severe*, 307 S.W.3d 640, 643 n.6 (Mo. banc 2010). However, because section 575.150 implicates [petitioner]'s liberty, it "should not be extended by judicial interpretation so as to embrace persons and acts not specifically and unambiguously brought within its terms," and the statute is "construed strictly against the state and in favor of the defendant." *State v. Starnes*, 318 S.W.3d 208, 214 (Mo. App. W.D. 2010) (citations omitted) (internal quotation marks omitted). However, "[c]onstruction of statutes should avoid unreasonable or absurd results." *Reichert v. Bd. of Educ. of St. Louis*, 217 S.W.3d 301, 305 (Mo. banc 2007).

Pursuant to these standards, we find the legislative intent of Section 575.150 clear and unambiguous that it is a crime to flee from a law enforcement officer who is "attempting to lawfully detain or lawfully stop an individual or vehicle." Section 575.150 does not provide that stopping briefly prior to fleeing

6

precludes a guilty finding under the statute because momentarily stopping still allows the defendant to do that which is prohibited by the statute: "[r]esist[ing] the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer."  575.150.1(1).  Here, had [petitioner] stopped so that the police could have detained him (as is required by the statute), two lives would have been saved.  Instead, [petitioner] fled from the officers and, thus, we cannot conclude that the trial court's finding of guilt was unsupported by substantial evidence.

[Petitioner] further argues on appeal that there was insufficient evidence to find him guilty of this crime because "[t]here was no actual police pursuit of defendant's vehicle after it pulled away."  We disagree.

As outlined by the trial court above, there was ample evidence that the police continued to pursue [petitioner] after he stopped momentarily to drop off his two passengers.  On appeal, [petitioner] highlights the fact that the two officers that first attempted to stop [petitioner]'s vehicle subsequently detained the two individuals that exited from [petitioner]'s vehicle when it briefly stopped, instead of further pursuing [petitioner]'s vehicle.   But as also found by the trial court, this fact alone did not translate into the conclusion that [petitioner] was free to leave the scene or that the police were no longer interested in detaining [petitioner].   To the contrary, it is only logical that his suspicious conduct in dropping these individuals off before speeding away only heightened the interest of the police in also detaining [petitioner] and his vehicle.

Officer Guffey testified that he was in the car that initially attempted to stop [petitioner]'s vehicle, and that after it stopped and the two individuals exited the vehicle that he "told dispatch" that "we were attempting the car check and he took off . . . like a bat out of hell."  Based on this information, Officer Mattivi, who was on patrol in a separate vehicle nearby, turned his patrol car around to find the vehicle that matched the description of [petitioner]'s vehicle.  Officer Mattivi testified that it was his intent to "[c]hase it until we could try to get him stopped," but that when he found the vehicle, the collision had already occurred.

Further corroborating the evidence that [petitioner] was being pursued by the police after failing to stop was [petitioner]'s own conduct and admissions.  After dropping the two other individuals off, [petitioner] proceeded to drive at a speed nearly triple the limit (69 mph in a 25 mph zone) in an intoxicated condition and in such a fashion that was so reckless as to cause a fatal accident in less than a minute after fleeing the police.  After being arrested by the police, [petitioner] waived his Miranda rights and gave a statement wherein he admitted that after seeing the police he panicked and fled because he had a warrant and also presumably because, as he admitted, he had been drinking.

7

> Because "this Court will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case," we must reject [petitioner]'s arguments on appeal. *State v. Freeman,* 269 S.W.3d 422, 425 (Mo. banc 2008). Ultimately, [petitioner] has failed to demonstrate that the evidence was insufficient for the fact finder to find him guilty of each and every element of the crime of resisting a lawful stop.
>
> Furthermore, because [petitioner]'s challenge to the sufficiency of the evidence for both of his convictions for felony murder in Point Two is limited solely to challenging the sufficiency of the evidence for the predicate offense of resisting a lawful stop, we must affirm those convictions for the same reasons.

Resp. Ex. E at 5-12.

The Missouri Court of Appeals' resolution of petitioner's claim that there was sufficient evidence to convict him was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. *See* 28 U.S.C. 2254(d)(1) and (2); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of the evidence in criminal trials is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). "In applying this standard, '[t]he scope of our review for a collateral challenge to the sufficiency of the state's evidence is extremely limited. . . We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that conclusion." *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (citing *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994)), *cert. denied*, 537 U.S. 886 (2002).

In the present case, a judge or jury could have concluded beyond a reasonable doubt, based on the evidence, that petitioner resisted a lawful stop. Although it is possible to conclude from the evidence that petitioner did not resist a lawful stop, this Court may not conduct its own assessment of the evidence. *United States v. Anderson*, 78 F.3d 420, 422 (8th Cir. 1996) ( "[t]he evidence

8

need not exclude every reasonable hypothesis of innocence. . . we may not disturb the conviction if the evidence rationally supports two conflicting hypotheses."). The appellate court's ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* U.S.C. § 2254(d)(1) and (2), and as such, Grounds 1 and 2 will be denied.

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: <u>January 13, 2015</u>.